UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 13)

## I.   INTRODUCTION

On October 19, 2017, Plaintiffs Hush Hush Sound, Inc. ("Hush"), Michael David ("David"), and Tyler Blake ("Blake") (collectively, "Plaintiffs") filed the present action against Defendant H&M Hennes & Mauritz LP ("H&M") and ten Doe Defendants. Plaintiffs raise the following claims in their Complaint: (1) trademark infringement in violation of 15 U.S.C. § 1114(1)(a); (2) trademark infringement in violation of 15 U.S.C. § 1125(a); (3) common law misappropriation of name and likeness; and (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

H&M now moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the following reasons, the Court **GRANTS in part** and **DENIES in part** H&M's Motion to Dismiss.

## II.   FACTUAL BACKGROUND

The following facts are alleged in the Complaint.

David and Blake formed a disc jockey ("DJ") group that produces and performs electronic dance music. David and Blake perform under the name "Classixx" and, together with Hush, do business under the name "Classixx." Hush owns a registered trademark for the unstylized word mark "Classixx" ("trademark") for (a) use in musical sound and video recordings in all media and (b) live musical performances. Plaintiffs market and sell t-shirts, apparel, and other merchandise that bears their "Classixx" trademark. Although Plaintiffs did not register their trademark until 2013, they have used the trademark to identify their brand, performances, music, and merchandise continuously since they began producing music in 2007. Plaintiffs' music is critically and commercially successful. It landed in the top

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

15 of the "American Billboard Independent Albums" and "Heatseekers Albums" charts, and received critical acclaim in the magazines "Chicagoist" and "LA Weekly."

H&M is a clothing retailer. H&M began selling garments, including a sweater featuring the word "classixx" in a shadow design ("the sweater" or "'classixx' sweater"), as shown below.



The sweater and H&M's other infringing garments create a likelihood of confusion, especially because H&M sometimes plays Plaintiffs' music in its stores. In fact, one consumer uploaded a photo of the sweaters on social media, with the caption "@Classixx merch in H&M Paris?" H&M's use of Plaintiffs' trademark has caused Plaintiffs general and special damages. In addition, H&M obtained profits they would not have realized but for their use of Plaintiffs' trademark.

### III.     JUDICIAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the court need not accept as true conclusory legal allegations cast in the form of factual allegations. *Ashcroft*, 556 U.S. at 678.

Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (1988) or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock,* 549 U.S. 199, 215 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

IV. **DISCUSSION**

    A. **Trademark Claims (Claims 1 and 2)**

To successfully allege trademark infringement under the Lanham Act, a plaintiff must plead (1) that it has a protectable interest in the trademark at issue and (2) that the defendant's use of the mark creates a likelihood of confusion. *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012) (citing *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011). H&M argues that Plaintiffs' trademark claims are barred by the First Amendment and that Plaintiffs otherwise fail to adequately allege a likelihood of confusion. The Court addresses each argument in turn.

        1. *First Amendment Protection*

H&M argues that its "classixx" sweaters are protected under the First Amendment. The Court disagrees.

            *a.* *H&M Is Not Engaged in Expressive Conduct*

H&M first argues that Plaintiffs' trademark infringement claims are barred under the First Amendment's expressive conduct doctrine. Conduct is expressive and entitled to First Amendment protection if the actor intends to convey "a particularized message" and there is a great likelihood that the message will be understood by those viewing it. *Texas v. Johnson*, 491 U.S. 397, 404 (1989). Courts have treated wearing particular clothing as a form of expressive conduct. *See Jacobs v. Clark Cty. Sch. Dist.*, 373 F. Supp. 2d 1162, 1172 (D. Nev. 2005) ("[W]earing clothing bearing a printed message constitutes speech") (citing *Cohen v. Cal.*, 403 U.S. 15, 26 (1971)). In this case, however, the consumer's right to wear a garment bearing the word "classixx" is not impacted; rather, at issue is H&M's right to sell such a garment. H&M does not argue that selling its "classixx" apparel is expressive conduct. To the contrary, it argues that it exercises no creative choice in what apparel it sells. This defense fails.

            *b.* *The Sale of H&M's Sweater Does Not Serve a Predominantly Expressive Purpose*

H&M also cites to *Mastrovincenzo*, in which the Second Circuit explained that the sale of clothing is speech protected by the First Amendment if it has a predominantly expressive purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

*Mastrovincenzo v. City of New York*, 435 F.3d 78, 95–97 (2d Cir. 2006).[1] If the sale of clothing is instead "a mere commercial transaction," the First Amendment offers no protection. *Id.* at 97. In *Mastrovincenzo*, street vendors sold hand-painted hats and clothing of their own design, for the stated purpose of expressing "the particular idea represented on the work" and the vendors' "upbringing and style as an artist." *Id.* H&M admits that, unlike the defendants in *Mastrovincenzo*, it did not design or create the infringing garments. H&M claims it merely resells what clothing is allocated to it. Although H&M argues its consumers can express themselves by wearing their "classixx" sweater, H&M does not argue that it is expressing any message about itself by selling the infringing garments. *See id.* (noting courts should consider "whether a vendor (if different from the artist) purports, through the sale of goods, to be engaging in an act of self-expression rather than a mere commercial transaction"). The sale of H&M's "classixx" apparel therefore does not serve a predominantly expressive purpose. This defense also fails.

        *c.*     *The Rogers Test is Inapplicable*

Finally, H&M argues that its "classixx" sweater is an artistic work protected under the *Rogers* test. In *Mattell, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002), the Ninth Circuit adopted the *Rogers* test as the "method for balancing the trademark . . . rights protected by §43(a) of the Lanham Act against First Amendment rights in cases involving expressive works." *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1241 (9th Cir. 2013). Under the *Rogers* test, an artistic work's infringing use of a trademark is not actionable unless the use of the mark (1) "has no artistic relevance to the underlying work whatsoever" or (2) "[i]f it has some artistic relevance, . . . [it] explicitly misleads as to the source or the content of the work." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002) (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989)).

The *Rogers* test applies only to artistic or expressive works; it is not applicable to commercial works such as a traditional advertisement. *Brown*, 724 F.3d at 1241; 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §31:144.50 (5th ed. 2017). In addition, courts in the Ninth Circuit have refused to apply the *Rogers* test unless the mark at issue was "imbue[d] . . . with a meaning beyond its source-identifying function." *Mattel*, 296 F.3d at 902 (noting marks like "Band-Aid," "Rolls Royce," "Barbie," and "aspirin" have taken on expressive meaning beyond their source-identifying function); *Rebelution, LLC v. Perez*, 732 F. Supp. 2d 883, 888 (N.D. Cal. 2010) (refusing to apply the *Rogers* test when the word at issue – "rebelution" – had been imbued with no alternate meaning by the public).

---

[1] Although H&M cites *Mastrovincenzo* in support of its arguments regarding expressive conduct and the *Rogers* test (discussed below), *Mastrovincenzo* applied neither the expressive conduct doctrine nor *Rogers*. *See Mastrovincenzo v. City of New York*, 435 F.3d 78, 91 n.9 (2d Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

H&M argues its sweaters satisfy each requirement of the *Rogers* test. Plaintiffs counter that *Rogers* is inapplicable because H&M's "classixx" sweater is not an artistic work. Indeed, H&M cites no cases in which the court applies the *Rogers* test to an item of clothing. The Court need not decide the issue here. Even assuming the sweater at issue is an expressive work, there is no evidence the word "classixx" has entered public discourse. The allegations suggest that "classixx" is understood only in association with Plaintiffs' musical group. As such, the *Rogers* test is inapplicable.

Even if the *Rogers* test applied, H&M's arguments fail to establish artistic relevance. Courts in the Ninth Circuit require the artistic relevance of the defendant's use of the mark "to be with reference to the meaning associated with *plaintiff's* mark." *Rebelution, LLC v. Perez*, 732 F. Supp. 2d 883, 889 (N.D. Cal. 2010) (collecting cases). If the plaintiff does not target the original product or service, but instead "merely borrow[s] another's property to get attention," the *Rogers* defense fails. *Warner Bros. Entm't v. Global Asylum, Inc.*, No. CV 12-9547, 2013 WL 12114836, at *10 (C.D. Cal. Jan. 29, 2013) (quoting *Mattel*, 296 F.2d at 901)).

H&M asserts that the word "classixx" is a restructuring of the commonly used word "classic," and that its use furthers the sweater's goal of communicating that the wearer has a timeless, yet edgy personality. That the expressive intent of the sweater bears relevance to H&M's interpretation of the word "classixx" is irrelevant. "This argument, at its logical conclusion, would allow any person to ascribe their own meaning to a mark and thereafter argue that their artistic work bears relevance to this opportunistically-defined meaning." *Rebelution, LLC*, 732 F. Supp. 2d at 889. H&M makes no showing that the musical group "Classixx" had genuine relevance to the message expressed by the sweater. It is more likely that "classixx" was chosen to capitalize on the publicity value of Plaintiffs' mark, so that fans of the musical group would buy H&M's sweater and other "classixx" apparel. *Cf. Rogers*, 875 F.2d at 1001 (finding that the defendant satisfied the artistic relevance prong where its use of the trademark was "not arbitrarily chosen just to exploit the publicity value of [the plaintiffs' mark] but instead ha[d] genuine relevance to the film's story"). H&M's *Rogers* defense fails.

    2.    <u>*Likelihood of Confusion*</u>

H&M argues Plaintiffs fail to adequately allege a likelihood of confusion.[2] The likelihood of confusion requirement asks whether "a reasonably prudent consumer in the marketplace is likely to be

---

[2] H&M also argues that Plaintiffs' trademark infringement claims fail because H&M's use of "classixx" is merely ornamental and has no source-identifying purpose. The cases on which H&M relies establish establish only that, if H&M's use of "classixx" is purely ornamental, H&M could not register "classixx" as a trademark. *See In Re Astro-Gods Inc.*, 223 U.S.P.Q. 621, *2 (T.T.A.B. Aug. 10, 1984) (stating that an ornamental mark is protectable only if it also serves a source-indicating function, such as if "it names the secondary source of the goods or if, at the time of its first use as ornamentation, it was already a recognized trademark of applicant for services or other goods."). How H&M uses the mark has no bearing on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

confused as to the origin or source of the goods . . . bearing one of the marks . . . at issue in the case." *Rearden LLC*, 683 F.3d at 1209. The likelihood of confusion must be probable, not just possible. *Id.* To determine whether a likelihood of confusion exists, courts in the Ninth Circuit consider the eight *Sleekcraft* factors, first articulated in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). *Rearden LLC*, 683 F.3d at 1209. The *Sleekcraft* factors are: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." Id. "The *Sleekcraft* factors are intended to function as a proxy or substitute for consumer confusion, not a rote checklist." *Id.*

Trademarks are divided into five categories of varying strengths. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 605, 631 (9th Cir. 2005). From strongest to weakest, those categories are: arbitrary, fanciful, suggestive, descriptive, and generic. *Id.* at 631–32. Arbitrary marks are "common words that have no connection with the actual product." *Id.* Fanciful marks are "'coined phrases' that also have no commonly known connection with the product at hand." *Id.* at 632. Suggestive marks suggest rather than describe the product's features and require some imagination to associate the mark with the product. *Id.* Descriptive marks define a particular characteristic of the product in a way that does not require imagination. *Id.* Generic marks describe the product in its entirety. *Id.* Because of its similarity to the word "classics," "Classixx" can be construed as at least somewhat evocative of Plaintiffs' style of music. Associating "Classixx" with Plaintiffs' musical group nevertheless requires some imagination. Thus, Plaintiffs' mark is best categorized as suggestive. As a suggestive mark, "Classixx" is entitled to trademark protection.

In addition to the strength of the mark, three other *Sleekcraft* factors point toward finding a likelihood of confusion. Both Plaintiffs and H&M sell apparel bearing the word "classixx." The similarity of the goods at issue therefore creates a greater likelihood of confusion. Plaintiffs have also demonstrated some evidence of actual confusion: a consumer posted a photo of H&M's "classixx" sweaters and asked whether H&M was selling "Classixx" merchandise. In addition, Plaintiffs allege an intent to expand their product line to include not just t-shirts but also long-sleeve shirts and sweaters.

The remaining factors are more neutral. First, the prominence of the word "classixx" – Plaintiffs' entire word mark – on H&M's sweater suggests strong similarity of the mark and supports finding a likelihood of confusion. Plaintiffs' apparel, however, generally uses a more stylized, geometric version

---

whether Plaintiffs have a protectable interest in their own trademark. Nor does it establish as a matter of law that no likelihood of confusion could result from selling a sweater bearing only the word "classixx." The Court turns instead to the *Sleekcraft* factors to determine whether Plaintiffs adequately allege a likelihood of confusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

of the "Classixx" word mark, as depicted here: [CLASSIXX logo]. H&M's shadow design is somewhat derivative of the geometric style used by Plaintiffs, but otherwise bears no stylistic similarities to Plaintiffs' apparel. Second, while both Plaintiffs' and H&M's apparel is sold online, the parties do not sell their products on the same websites. Similarly, neither product is sold in the same retail locations: Plaintiffs' apparel is sold at their performances, while H&M's apparel is sold in its own retail stores. Third, Plaintiffs argue consumers are less likely to exercise a high degree of care when buying H&M's "reasonably inexpensive sweaters." While less expensive products generally lead to less purchaser care, the type of consumer likely to buy "Classixx" merchandise would already be a fan of the musical group, and therefore more likely to exercise care in purchasing an official product. Fourth, although H&M purportedly played no role in deciding to use the "classixx" mark on its sweaters, a finding of intent is not foreclosed by Plaintiffs' allegations.

Based on the Court's review of the relevant factors, the Court cannot say that the parties' products are unrelated and there is no likelihood of confusion as a matter of law. *Cf. Murray v. Cable Nat. Broadcasting Co.*, 86 F.3d 858, 861 (9th Cir. 1996) (affirming dismissal of trademark claim where the plaintiff and defendant shared no customers and their services were unrelated as a matter of law). Plaintiffs plausibly allege a likelihood of confusion.

### 3. *Conclusion*

Accordingly, H&M's Motion to Dismiss Plaintiffs' trademark claims is **DENIED**.

### B. **Misappropriation Claim (Claim 3)**

In their third claim, Plaintiffs assert common law misappropriation of name or likeness. H&M argues this claim must be dismissed because Plaintiffs lack standing and Plaintiffs fail to allege that H&M used their identity as celebrities. Each argument is addressed below.

### 1. *Standing*

H&M argues that Plaintiffs' claim fails because California recognizes no right of publicity for musical groups or corporate plaintiffs. In addition, H&M argues that Plaintiffs fail to allege an injury as required to establish standing.

The cases to which H&M cites stand for the proposition that non-natural persons like corporations have no right of publicity under California common law. *See, e.g., Virag, S.R.L. v. Sony Comput. Entm't America LLC*, No. 15-cv-01729, 2015 WL 5000102, at *5 (N.D. Cal. Aug. 21, 2015). Groups of natural persons, including musical groups, do have a right of publicity and therefore have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

standing to bring a misappropriation claim. *See Id.* at *5 (noting several cases that "either determined or assumed that a group of human beings has a right of publicity as a group"); *No Doubt v. Activision Publ'g, Inc.*, 702 F.Supp.2d 1139, 1140, 1146–47 (C.D. Cal. 2010) (addressing common law right of publicity claim by a musical group). As a musical group, David and Blake have a right of publicity in their identity as "Classixx." Hush, however, has no right of publicity unless David and Blake transferred their rights to it. *See Virag, S.R.L.*, 2015 WL 5000102, at *6 (explaining that a corporate plaintiff can sue only if "a human being or group of human beings transferred or assigned his or their right of publicity to the corporate plaintiff") (citing *No Doubt*, 702 F.Supp.2d at 1140). Plaintiffs allege no facts indicating that David or Blake assigned their rights to Hush. Therefore, only David and Blake have standing to assert their common law misappropriation claim.

H&M argues that David and Blake nevertheless lack standing because they failed to allege an injury in fact. To have standing to sue under Article III of the United States Constitution, a plaintiff must allege (1) an injury in fact (2) that is caused by the conduct complained of and (3) that is likely to be redressed by a favorable decision. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs allege that H&M's misappropriation of their name caused injury including damage to marketing and publicity value and loss of goodwill. This is sufficient to allege actual injury. David and Blake have standing to assert their common law misappropriation claim.

   2.   *Elements of Common Law Misappropriation*

To maintain a cause of action for misappropriation of name or likeness under California common law, a plaintiff must allege "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417 (1983). H&M argues that Plaintiffs fail to allege the first element because H&M make no creative use of the "Classixx" mark, and its sweater does not implicate Plaintiffs' identities as celebrities. The Court disagrees.

California case law does not specify that a defendant must make "creative use" of plaintiff's name or likeness to be liable. The focus is instead on the defendant's exploitation of another's name or likeness for its own advantage. Here, Plaintiffs sufficiently allege that H&M used the name of their musical group "Classixx" to sell its own clothing. This is sufficient to allege H&M's use of Blake and David's identity.

   3.   *Conclusion*

H&M's Motion to Dismiss Hush's misappropriation claim is **GRANTED** for lack of standing, with **leave to amend within three days** of this Order. H&M's Motion to Dismiss David and Blake's misappropriation claim is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

### C. UCL Claim (Claim 4)

Plaintiffs allege that H&M's use of the "Classixx" mark constitutes an unlawful and unfair business practice under the UCL, Cal. Bus & Prof. Code § 17200. H&M argues that Plaintiffs' UCL claim fails because (1) Plaintiffs fail to allege standing under Article III or the UCL; (2) Plaintiffs' requested relief is unavailable under the UCL; and (3) Plaintiffs fail to allege H&M engaged in unlawful or unfair business practices.

#### 1. *Standing*

As with Plaintiffs' misappropriation claim, H&M argues that Plaintiffs lack Article III standing because they failed to allege an injury in fact. In addition, H&M argues that Plaintiffs fail to allege that they "lost money or property as a result of . . . unfair competition," as required to establish standing under UCL. *See* Cal. Bus. & Prof. Code § 17204.

As explained above, Plaintiffs adequately alleged that H&M's misappropriation, which grounds Plaintiffs' UCL claim, caused them injury, including damage to marketing and publicity value. This is sufficient to establish injury in fact under Article III and the UCL.

#### 2. *Unlawful Business Practices*

The unlawful prong "borrows violations of other laws and treats them as independently actionable." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2006). H&M argues that Plaintiffs' unlawful business practices claim fails because Plaintiffs insufficiently alleged the trademark infringement and misappropriation claims on which it relies. As explained above, Plaintiffs sufficiently allege trademark infringement and misappropriation. Accordingly, Plaintiffs adequately allege H&M engaged in unlawful business practices.

#### 3. *Unfair Business Practices*

When the plaintiff in a UCL action is the defendant's competitor, a business practice is unfair if it "threatens an incipient violation of an antitrust law, . . . [has] effects [that] are comparable to or the same as a violation of [an antitrust] law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). H&M's arguments in favor of dismissal rely on the separate test for unfairness in a UCL consumer action. *See Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 253 (2010) (explaining that the test for unfairness differs depending on whether the plaintiff is a competitor or a consumer). Consequently, H&M's arguments are unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

    4.    <u>*Availability of Relief Requested*</u>

The remedies available under the UCL are limited to injunctive relief and restitution. *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 179; *E.W. French & Sons, Inc. v. Gen. Portland, Inc.*, 885 F.2d 1392, 1402 (9th Cir. 1989). In addition, "disgorgement of money obtained through an unfair business practice is an available remedy . . . to the extent that it constitutes restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145 (2003).

Here, Plaintiffs seek disgorgement of the revenues and profits that H&M allegedly received in connection with the sales of its infringing "classixx" apparel. Restitution, and therefore restitutionary disgorgement, is available to a plaintiff for loss of a vested interest, such as earned but unpaid wages; it is not available for a mere expectancy interest. *See Korea Supply Co.*, 29 Cal. 4th at 1149. H&M argues Plaintiffs' request fails as a matter of law because H&M received its revenues and profits directly from its customers, not Plaintiffs. Plaintiffs make no arguments in opposition. The Court finds that Plaintiffs at most had an "expectancy" that it would have received additional profits but for H&M's allegedly unfair business practices. Plaintiffs have no claim for restitution under the UCL.

Plaintiffs also seek preliminary and permanent injunctive relief. H&M argues Plaintiffs' request is moot because H&M stopped selling the allegedly infringing sweater after receiving Plaintiffs' cease and desist letter. Plaintiffs counter that H&M could recommence its sale of "classixx" apparel at any time.

H&M's argument requires consideration of its response to Plaintiffs' cease and desist letter. That response was not referenced in Plaintiffs' Complaint, and H&M does not argue it is subject to judicial notice. As such, the Court cannot consider it on a motion to dismiss. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) ("When reviewing a motion to dismiss we consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

Even if the Court were to consider H&M's responsive letter, the Court would not dismiss Plaintiffs' claim. Cessation of unlawful conduct moots a request for injunctive relief where "the reform of the defendant [is] irrefutably demonstrated and total." *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986). The Court is unconvinced at this stage that H&M has no intention of resuming its allegedly infringing sales in the future. *See In re Circuit Breaker Litig.*, 860 F. Supp. 1453, at 1456 (C.D. Cal. 1994) (noting that "courts usually deny requests for permanent injunctions" when the "defendant infringed innocently, ceased before judgment and assured the court that it has no intention of infringing in the future"). Plaintiffs adequately assert a claim for injunctive relief under the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07668-RGK-SS | Date | January 26, 2018 |
|---|---|---|---|
| Title | *Hush Hush Sound, Inc. et al. v. H & M Hennes & Mauritz LP et al.* | | |

    5.  *Conclusion*

  H&M's Motion to Dismiss Plaintiffs' UCL claim is **GRANTED in part**. To the extent Plaintiffs' seek restitution under the UCL, its claim is **dismissed with prejudice**. Otherwise, H&M's Motion to Dismiss Plaintiffs' UCL claim is **DENIED**.

**V.  CONCLUSION**

  Defendants' Motion is **DENIED** with two exceptions. First, to the extent Hush asserts a claim for misappropriation of Classixx's name (Claim 3), its claim is **dismissed with leave to amend** within three days of this Order. Second, to the extent Plaintiffs seek restitution under the UCL, that claim is **dismissed with prejudice**.

  **IT IS SO ORDERED.**

                                      _____ : _____
                             Initials of Preparer _____